IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:15-CR-192-WKW |
| | ) | [WO] |
| LUIS SAMOYOA-CASTILLO | ) | |

**ORDER**

Before the court is Defendant's Motion to Run Sentences Concurrently. (Doc. # 79.)  The Government has filed a response in opposition.  (Doc. # 84.)  The motion is due to be denied.

In 2018, the court sentenced Defendant to thirty-six months on his third conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2) (Case No. 2:17-CR-443 (Doc. # 44)) and to twenty-four months for revocation of his supervised release (Case No. 3:15-CR-192 (Doc. # 63)).  The sentences were ordered to run consecutively.  Defendant moves the court to run the sentences concurrently.  Defendant's motion is due to be denied.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Under 18 U.S.C. § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  No statute (other than

§ 3582(c)(1)(B)) permits modification here.  So Federal Rule of Criminal Procedure 35 is Defendant's only option.

"Within 14 days after sentencing," according to Rule 35, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).  Those listed grounds are "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred." Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment.  The fourteen-day requirement is jurisdictional. *Phillips*, 597 F.3d at 1196–97 (citing *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002); *United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000)).

Defendant's motion does not satisfy Rule 35's requirements.  It has been more than fourteen days since the court sentenced Defendant.  And Defendant has not identified any "arithmetical, technical, or other clear error" in the judgment.  Fed. R. Crim. P. 35(a).  The court therefore lacks jurisdiction to amend or modify his sentences.  *See United States v. Rodriguez*, 499 F. App'x 904, 910 (11th Cir. 2012) (per curiam) (reaching a similar conclusion).  Even if the court had the authority to modify Defendant's sentences, it would not.  As the record reveals, the court has explained to Defendant why a consecutive sentence was necessary to deter him from

further criminal conduct (Doc. # 56, at 14–18), and its decision was affirmed (Doc. # 60).[1]

For these reasons, it is ORDERED that Defendant's *pro se* Motion to Run Sentences Concurrently (Doc. # 79) is DENIED.

DONE this 18th day of August, 2020.

                                          /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE

---

[1] Defendant also says that "he is in quarantine for the pandemic of COVID-19, and he's in [a] special unit for his vulnerability based [o]n his ailments." (Doc. # 79.) To the extent that Defendant seeks a compassionate release based on the COVID-19 pandemic, 18 U.S.C. § 3582(c)(1)(A)(i) permits a modification of a convicted defendant's sentence only when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for such a reduction after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Courts are not at liberty to excuse a statutory exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016); *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required."). This statute's exhaustion requirement is no exception. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Furthermore, the defendant must exhaust or wait 30 days *before* he or she files a motion for compassionate release. *Id.* at 836 (dismissing a § 3582(c)(1)(A)(i) motion without prejudice because the movant's 30-day window did not close until after the motion was filed). Defendant's motion does not demonstrate that he has complied with the statutorily mandated procedure; thus, a motion for compassionate release is premature.